CLERK, U.S. DISTRICT COURT
3/23/21
CENTRAL DISTRICT OF CALIFORNIA
BY: ___ CS ___ DEPUTY

Related DDJ

RALPH JOHNSON
FULL NAME

8163

CALIFORNIA MENS COLONY-EAST PRISON
FULL ADDRESS INCLUDING NAME OF INSTITUTION
P.O.BOX 8101

SAN LUIS OBISPO,CA 93409-8101
PRISON NUMBER (if applicable)
P-46516

Received ___ 3/23/21 ___
(Date)
Scanned at CMC and E-mailed
on ___ 3/23/21 ___ by ___
(Date)        (Initials)
Number of pages scanned:
26

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

RALPH JOHNSON,

PLAINTIFF,

v.

J. SCOTT,

DEFENDANT(S).

CASE NUMBER CV21-2543-AB(E)

*To be supplied by the Clerk*

**CIVIL RIGHTS COMPLAINT**
**PURSUANT TO** *(Check one)*
☒ 42 U.S.C. § 1983
☐ Bivens v. Six Unknown Agents 403 U.S. 388 (1971)

## A. PREVIOUS LAWSUITS

1. Have you brought any other lawsuits in a federal court while a prisoner: ☐ Yes  ☒ No

2. If your answer to "1." is yes, how many? _____

   Describe the lawsuit in the space below. (If there is more than one lawsuit, describe the additional lawsuits on an attached piece of paper using the same outline.)

a. Parties to this previous lawsuit:
Plaintiff _____

_____

Defendants _____

_____

b. Court _____

_____

c. Docket or case number _____

d. Name of judge to whom case was assigned _____

e. Disposition (For example: Was the case dismissed? If so, what was the basis for dismissal? Was it

appealed? Is it still pending?) _____

f. Issues raised: _____

_____

_____

g. Approximate date of filing lawsuit: _____

h. Approximate date of disposition _____

## B. EXHAUSTION OF ADMINISTRATIVE REMEDIES

1. Is there a grievance procedure available at the institution where the events relating to your current complaint
occurred? ☒ Yes   ☐ No

2. Have you filed a grievance concerning the facts relating to your current complaint? ☒ Yes   ☐ No

If your answer is no, explain why not _____

_____

_____

3. Is the grievance procedure completed? ☒ Yes   ☐ No

If your answer is no, explain why not _____

_____

4. Please attach copies of papers related to the grievance procedure.

## C. JURISDICTION

This complaint alleges that the civil rights of plaintiff RALPH JOHNSON _____
(print plaintiff's name)

who presently resides at CALIFORNIA MENS COLONY-EAST P.O. BOX8101 SAN LUIS OBISPO ,
(mailing address or place of confinement)

were violated by the actions of the defendant(s) named below, which actions were directed against plaintiff at

C/O SCOTT,CALIFORNIA MENS COLONY-EAST STATE PRISON,P.O.BOX8101 .SAN LUIS OBISPO
(institution/city where violation occurred)

on (date or dates) <u>1-19-20/1-26-20</u> , <u>1-19-20/1-26-20</u> , <u>1-19-20/1-26-20</u> .
　　　　　　　　　　(Claim I)　　　　　　　(Claim II)　　　　　　(Claim III)

**NOTE:** You need not name more than one defendant or allege more than one claim. If you are naming more than five (5) defendants, make a copy of this page to provide the information for additional defendants.

1. Defendant　<u>J. SCOTT</u> resides or works at
　　　　　　(full name of first defendant)

　　<u>C.M.C-EAST STATE PRISON P.O.BOX8101 SAN LUIS OBISPO, CA</u>
　　(full address of first defendant)

　　<u>CORRECTIONAL OFFICER,(C.O.)</u>
　　(defendant's position and title, if any)

The defendant is sued in his/her (Check one or both): ☒ individual　☒ official capacity.

Explain how this defendant was acting under color of law:

<u>ON JAN. 19, 2020 C/O J. SCOTT WAS EMPLOYEED BY THE STATE of CALIFORNIA, ie CALIFORNIA</u>
<u>DEPARTMENT OF CORRECTION AND REHABILITATION.</u>

2. Defendant　_____ resides or works at
　　　　　　(full name of first defendant)

　　_____
　　(full address of first defendant)

　　_____
　　(defendant's position and title, if any)

The defendant is sued in his/her (Check one or both): ☐ individual　☐ official capacity.

Explain how this defendant was acting under color of law:

_____

_____

3. Defendant　_____ resides or works at
　　　　　　(full name of first defendant)

　　_____
　　(full address of first defendant)

　　_____
　　(defendant's position and title, if any)

The defendant is sued in his/her (Check one or both): ☐ individual　☐ official capacity.

Explain how this defendant was acting under color of law:

_____

_____

4.  Defendant _____ resides or works at
    _____
    (full name of first defendant)

    _____
    (full address of first defendant)

    _____
    (defendant's position and title, if any)

    The defendant is sued in his/her (Check one or both): ☐ individual   ☐ official capacity.

    Explain how this defendant was acting under color of law:

    _____

    _____

5.  Defendant _____ resides or works at
    _____
    (full name of first defendant)

    _____
    (full address of first defendant)

    _____
    (defendant's position and title, if any)

    The defendant is sued in his/her (Check one or both): ☐ individual   ☐ official capacity.

    Explain how this defendant was acting under color of law:

    _____

    _____

**D. CLAIMS***

CLAIM I

The following civil right has been violated:

THE FIRST AMENDMENT TO THE U.S. CONSTITUTION, THE FREEDOM TO
OBSERVE AND PRACTICE THE RELIGION OF CHOICE IS GUARANTEED BY  THE
FIRST AMENDMENT TO THE U.S. CONSTITUTION. PLAINTIFFS RIGHTS UNDER
THE FREE EXERCISE CLAUSE WAS VIOLATED WHEN CORRECTIONAL OFFICER
SCOTT, REFUSED AND DENIED PLAINTIFF HIS RIGHT UNDER THE FREE
EXERCISE CLAUSE TO PARTICIPATE IN THE KOSHER DIET, A PART OF THE
JEWISH FAITH.
 PLAINTIFF IS OF THE JEWISH FAITH AND IS IN GOOD STANDING AND
EMBRACHMENT WITHIN THE JEWISH COMMUNITY.
PLAINTIFF HAS BEEN PARTICIPATING IN THE KOSHER DIET PROGRAM FOR
16 MONTHS, WITHOUT ANY COMPLICATIONS OR INTERFERENCE OR DENIALS.
C/O SCOTT'S DELIBERATE INDIFFERENCE, ie, OMISSION, BEING THE
REFUSAL TO PROVIDE PLAINTIFF WITH FOOD.

Supporting Facts: Include all facts you consider important. State the facts clearly, in your own words, and without citing legal authority or argument. Be certain you describe, in separately numbered paragraphs, exactly what each DEFENDANT (by name) did to violate your right.

ON 1-19-20  AT 6pm  I ENTERED THE FACILITY DINING HALL TO COLLECT
MY EVENING KOSHER MEAL. C/O SCOTT TOLD ME TO SIGN MY NAME IN THE
PROPER SIGNATURE DESIGNATION, OR I WOULD NOT BE GIVEN MY MEAL. AS
AN E.O.P. INMATE ALSO WITH A DDP 2 DESIGNATION, I REQUESTED HELP
FROM C/O SCOTT BY ASKING HIM TO SHOW ME WHERE TO SIGN MY NAME
BECAUSE I CANNOT READ. C/O SCOTT BECAME INCREASINGLY IRRITATED,
CALLED ME A LIAR AND ACCUSED ME  OF PLAYING GAMES, THEN ORDERED
ME TO LEAVE THE DINING HALL WITHOUT RECEIVING MY MEAL. I HAD NO
OTHER CHOICE BUT TO COMPLY WITH HIS DIRECT ORDER AND LEAVE THE
DINING HALL WITHOUT MY EVENING MEAL, DISCRIMINATED AGAINST ME
BECAUSE OF MY MENTAL ILLNESS AND DEVELOPMENTAL DISABILITY. continue
on ATTAchment Pg. 5 / g. 5

"PLEASE SEE ATTACHED PAPERS 1 THROUGH 4 FOR MORE CLAIMS"

*If there is more than one claim, describe the additional claim(s) on another attached piece of paper using the same outline.*

## E. REQUEST FOR RELIEF

I believe that I am entitled to the following specific relief:

IN RE: TO CLAIMS 1,2 & 3, I BELIEVE I AM ENTITLED TO THE
FOLLOWING SPECIFIC RELIEF:
FOR PUNITIVE DAMAGES : $50,000 FOR EACH CLAIM.
FOR NOMINAL DAMAGES;$50,000 FOR EACH CLAIM.

IN REGARDS TO CLAIM 4, I BELIEVE I AM ENTITLED TO THE FOLLOWING
SPECIFIC RELIEF:
FOR PUNITIVE DAMAGES;$50,000
FOR NOMINAL DAMAGES;$50,000
FOR COMPENSATORY DAMAGES; $50,000

3-3-2021
*(Date)*

*(Signature of Plaintiff)*

ATTACHMENT PAGE.1

## CLAIM 2

PLAINTIFF ALLEGES THAT HE HAS BEEN DISCRIMINATED AGAINST BASED ON HIS MENTAL DISABILITIES,PARTICULARLY TITLE TWO OF THE AMERICAN S WITH DISABILITIES ACT,(A.D.A)

1.) PLAINTIFF IS AN INDIVIDUAL WITH THE FOLLOWING DISABILITIES; HE CARRIES A MENTAL HEALTH DIAGNOSIS OF CHRONIC SCHIZOPHRENIA, PARANOID TYPE AND DEVELOPEMENTALLY DISABLED.

2.) PLAINTIFF IS QUALIFIED TO  PARTICIAPATE IN THE KOSHER DIET PROGRAM,AND HAS PARTICIAPATED IN THE KOSHER DIET PROGRAM FOR 16 MONTHS. PLAINTIFF'S ONLY AUILIARY NEEDS, IS FOR THE PERSON (PRISON GUARD) WHO IS DISTRIBUTING/PASSING OUT THE KOSHER MEALS, TO SHOW OR POINT TO WHERE PLAINTIFF IS REQUIRED TO SIGN HIS NAME TO RECIEVE HIS KOSHER DIET, AS PLAINTIFF IS DEVELOPEMENTALLY DISABLED AND CANNOT READ.

3.) ON 1-19-20 PLAINTIFF WAS EXCLUDED AND DENIED PARTICAPATION OF HIS RELIGIOUS RITUALS AND DIET.

4.) THIS EXCLUSION AND DENIAL AND DISCRIMINATION WAS BECAUSE OF PLAINTIFF'S DISABILITY, HIS DEVELOPEMENTAL DISABILITY,ie, UNABLE TO READ.

### SUPPORTING FACTS

ON 1-19-20, AT 6pm I ENTERED THE FACILITY DINING HALL TO COLLECT MY EVENING KOSHER MEAL. C/O SCOTT TOLD ME TO SIGN MY NAME IN THE PROPER SIGNATURE DESIGNATION, OR I WOULD NOT BE GIVEN MY MEAL. AS AN E.O.P. INMATE ALSO WITH A DDP 2 DESIGNATION, I REQUESTED HELP FROM C/O SCOTT BY ASKING HIM TO SHOW ME WHERE TO

ATTACHMENT PAGE.2

SIGN MY NAME BECAUSE I CANNOT READ. C/O SCOTT BECAME INCREASINGLY
IRRITATED, CALLED ME A LIAR AND ACCUSED ME OF PLAYING GAMES, THEN
ORDERED ME TO LEAVE THE DINING HALL WITHOUT RECEIVING MY MEAL. I
HAD NO OTHER CHOICE BUT TO COMPLY WITH HIS DIRECT ORDER AND LEAVE
THE DINING HALL WITHOUT MY EVENING MEAL, DISCRIMINATED AGAINST
BECAUSE OF MY MENTAL ILLNESS AND DEVELOPMENTAL DISABILITY.
    "CONTINUED ON ATTACHMENT PG.5"


## CLAIM 3


    PLAINTIFF ALLEGES THAT HE HAS BEEN DISCRIMINATED AGAINST BASED
ON HIS MENTAL DISABILITIES, PARTICULARLY SECTION 504 OF THE
REHABILITATION ACT (SECT.504).
    1.) PLAINTIFF IS AN INDIVIDUAL WITH THE FOLLOWING DISABILITIES
1,HE CARRIES A  MENTAL HEALTH DIAGNOSIS OF CHRONIC SCHIZOPHRENIA,
PARANOID TYPE, 2,DEVELOPEMENTALLY DISABLED.
2.) PLAINTIFF IS QUALIFIED TO PARTICIAPATE IN THE KOSHER DIET
PROGRAM, AND HAS PARTICIAPATED IN THE KOSHER DIET PROGRAM FOR
MORE THEN 16 MONTHS NOW. PLAINTIFF'S ONLY AUXILIARY NEEDS, IS FOR
THE PERSON (PRISON GUARD) WHO IS DISTRIBUTING/PASSING OUT THE
KOSHER MEALS, TO SHOW OR POINT TO WHERE PLAINTIFF IS REQUIRED TO
SIGN HIS NAME TO RECIEVE HIS KOSHER DIET, AS PLAINTIFF IS
DEVELOPEMENTALLY DISABLED AND CANNOT READ NOR WRITE.
    3.)ON 1-19-20 PLAINTIFF WAS EXCLUDED AND DENIED PARTICIAPATION
OF HIS RELIGIOUS RITUALS AND DIET.
    4.)THIS EXCLUSION AND DENIAL AND DISCRIMINATION WAS BECAUSE OF

ATTACHMENT PAGE.3

PLAINTIFF'S DISABILITY, HIS DEVELOPEMENTAL DISABILITY, ie, UNABLE
TO READ OR WRITE HIS NAME.

5.) UPON INFORMATION AND BELIEF THE CALIFORNIA MENS COLONY-EAST
PRISON RECEIVES FEDERAL FUNDING.

## SUPPORTING FACTS

ON 1-19-20, AT 6am I ENTERED THE FACILITY DINING HALL TO
COLLECT MY EVENING KOSHER MEAL. C/O SCOTT TOLD ME TO SIGN MY NAME
IN THE PROPER SIGNATURE DESIGNATION, OR I WOULD NOT BE GIVEN MY
MEAL. AS AN E.O.P. INMATE ALSO WITH A DDP 2 DESIGNATION, I
REQUESTED HELP FROM C/O SCOTT BY ASKING HIM TO SHOW ME WHERE TO
SIGN MY NAME BECAUSE I CANNOT READ. C/O SCOTT BECAME INCREASINGLY
IRRITATION, CALLED ME A LIAR AND ACCUSED ME OF PLAYING GAMES, THEN
ORDERED ME TO LEAVE THE DINING HALL WITHOUT RECEIVING MY MEAL. I
HAD NO OTHER CHOICE BUT TO COMPLY WITH HIS DIRECT ORDER AND LEAVE
THE DINING HALL WITHOUT MY EVENING MEAL, DISCRIMINATED AGAIST
BECAUSE OF MY MENTAL ILLNESS AND DEVELOPEMENTAL DISABILITY.
"CONTINUED ON ATTACHMENT PG.5"

## CLAIM 4

PLAINTIFF ALLEGES HE WAS DENIED HIS FIRST AMENDMENT RIGHT OF
THE U.S. CONSTITUTION.
THE FREEDOM TO OBSERVE AND PRACTICE THE RELIGION OF CHOICE IS
GUARANTEED BY THE FIRST AMENDMENT TO THE U.S. CONSTITION. IN
ADDITION THE RIGHT UNDER THE FREE EXERCISE CLAUSE. THIS IS A
(TITLE 2 ADA) CLAIM AND SECTION 504 OF THE REHAB ACT.

1. PLAINTIFF IS AN INDIVIDUAL WITH A DISABILITY.

2. PLAINTIFF IS QUALIFIED TO PARTICIPATE IN OR RECIEVE THE

ATTACHMENT PAGE.4

BENEFITS OF THE JEWISH RELIGION, ie KOSHER DIET etc.

 3.PLAINTIFF WAS EXCLUDED FROM PARTICIPATION IN OR DENIED THE
BENEFITS OF THE PRISON SERVICE.

 4. THIS EXCLUSION,DENIAL OF BENEFITS, OR DISCREMINATION WAS
BECAUSE OF PLAINTIFF'S DISABILITIES. ADDITIONALLY, UPON
INFORMATION AND BELIEF, [C.M.C-EAST] RECEIVES FEDERAL FUNDING TO
BE SPICIFIC, PLAINTIFF'S DISABILITIES ARE 1.) HE CARRIES A MENTAL
HEALTH DIAGNOSIS OF SCHIZOPHRENIA PARANOID CONTINUM.
2.)DEVELOPEMENTALLY DISABILITY 2. 3.) GPA 0.1, PLAINTIFF IS A
QUALIFIED INDIVIDUAL WITH A DISABILITY WITHIN THE MEANING OF THE
A.D.A AND SECTION. 504.

ATTACHMENT PAGE.5

### CONTINUED SUPPORTING FACTS FOR CLAIMS1,2,3&4

ON OR ABOUT JANUARY 22,2020, APPROXIMATELY 9:00 A.M., I RALPH JOHNSON INFORMED CLARK OFFICER CRAIG OF THE EVENT INVOLVING OFFICER SCOTT ON JANUARY,20,2020. OFFICER CRAIG ASSURED ME THAT HE WOULD LOOK INTO THE SITUATION AND SPEAK TO OFFICER SCOTT REGARDING THE EVENT THAT OCCURRED ON JANUARY 20,2020.

ON OR ABOUT JANUARY 24,2020, OFFICER GRAIG INFORMED ME THAT HE HAD INFACT SPOKE TO OFFICER SCOTT. OFFICER CRAIG STATED. "THE ISSUE HAS BEEN RESOLVED".

ON OR ABOUT JANUARY 26,2020 AT APPROXIMATELY 6:00 p.m. DURING THE EVENING FACILITY MEAL PASS; I REPORTED TO THE FACILITY DINING HALL TO RECIEVE MY RELIGIOUS KOSHER DIET MEAL. OFFICER SCOTT WAS THE OFFICER ISSUING THE RELIGIOUS KOSHER DIET MEALS. AS AN E.O.P INMATE WITH A DDP DESIGNATION, I PRESENTED MY STATE ISSUE ID CARD TO OFFICER SCOTT WHILE SEEKING ASSISTANCE WITH IDENTIFYING THE CORRECT PLACE TO SIGN FOR MY RELIGIOUS KOSHER DIET MEAL. OFFICER SCOTT SAID TO ME THAT "HE HAS WITNESSED ME PLAYING THE GAME OF CHESS,AND IF I WAS SMART ENOUGH TO PLAY CHESS THEN I WAS SMART ENOUGH TO KNOW WHERE TO SIGN MY NAME." I COMMUNICATED TO OFFICER SCOTT THAT I DID NOT NEED HELP PLAYING CHESS, BUT READING WHERE TO SIGN MY NAME TO RECEIVE MY EVENING MEALS WAS DIFFICULT FOR ME. OFFICER SCOTT REPLIED THAT "I WAS FULL OF SHIT!" AND THAT I WAS PLAYING A GAME." OFFICER SCOTT STATED THAT "IF I DID NOT SIGN FOR MY MEAL WITHOUT HIS ASSISTANCE, I WOULD NOT RECEIVE MY MEAL. BEING THAT I COULD NOT READ: I COULD NOT SIGN FOR MY MEAL WITHOUT ASSISTANCE FROM STAFF. OFFICER SCOTT THEN GAVE ME A DIRECT ORDER TO LEAVE THE FACILITY DINING HALL WITHOUT MY RELIGIOUS KOSHER DIET.

I IMMEDIATELY UPON MY RETURN TO THE HOUSING UNIT#8 CONFRONTED OFFICER COTA AND EXPLAINED TO HIM THE AFOREMENTIONED EVENTS DESCRIBED ABOVE WITH OFFICER SCOTT INSIDE THE FACILITY DINING HALL. OFFICER COTA INSTRUCTED ME TO SPEAK WITH OFFICER MOHOMMAD. IN COMPLIANCE WITH OFFICER COTA INSTRUCTIONS I IMMEDIATELY COMMMUNICATED WITH OFFICER MOHOMMAD THE REOCCURING SITUATION BETWEEN OFFICER SCOTT AND MYSELF. IN THAT MOMENT OFFICER MOHOMMAD INSTRUCTED ME TO WAIT WHILE HE WENT TO SPEAK WITH OFFICER SCOTTT. UPON OFFICER MOHOMMAD'S RETURN TO MY LOCATION: OFFICER MOHOMMAD INSTRUCTED ME TO RETURN TO THE FACILITY DINING HALL WHERE I WOULD RECEIVE ASSISTANCE FROM OFFICER SCOTT WITH IDENTIFYING WHERE TO SIGN MY NAME TO RECEIVE MY EVENING RELIGIOUS KOSHER DIET MEAL.
AS A RESULT OF BEING DENIED MY KOSHER MEAL ON 1-19-20, I SUFFERED A HEADACHE, NASSIA AND STOAMCH PAINS.

STATE OF CALIFORNIA
DEPARTMENT OF CORRECTIONS AND REHABILITATION
OFFICE OF APPEALS
P. O. BOX 942883
SACRAMENTO, CA 94283-0001

## THIRD LEVEL APPEAL DECISION

Date:  January 4, 2021

In re:  Ralph C. Johnson, V83154                     TLR Case No.: 2003499
         CMC                                          Local Log No.: CMC-20-00314

### I.  ISSUE ON APPEAL:

Appellant alleges on January 19, 2020, he informed Correctional Officer (CO) J. Scott that he needed assistance in signing for a meal. Appellant alleges CO Scott called him a liar, accused him of playing games, and told him to exit the diner without his kosher meal. Appellant contends the alleged discrimination was based on his Enhanced Outpatient Program (EOP) and Developmental Disability Program (DDP) status. Appellant is requesting a reprimand and training for CO Scott.

### II.  CONTROLLING AUTHORITY:

#### A.  CONTROLLING AUTHORITY:

- California Penal Code 832.7 and 832.8
- California Code of Regulations, Title 15, (CCR) Section 3084.9(A) and 3391
- Departmental Operations Manual (DOM) Section 33030.3.1 and 54100.25

#### B.  DOCUMENTS CONSIDERED:

- CDCR 602 Appeal Form Log No.: CMC-20-00314
- Confidential Supplement Attachment "C" to appeal CMC-20-00314

### III. FINDINGS:

The Office of Appeals (OOA) found by a preponderance of the documented evidence available that all applicable policies were followed and that all relevant decisions and actions by the institution were proper relative to the complaint. The allegation of staff misconduct presented in the written complaint was reviewed and completed at the institution (CMC). The inquiry included a review of the evidence, an evaluation of any interview conducted and a review of current laws, policies and procedures. The appellant was informed that all staff personnel matters are confidential in nature. The inquiry was completed and it was found that staff **did not** violate policy with respect to the issue appealed. The appeal was partially granted in that an inquiry was completed and has been reviewed. The Office of Appeals Examiner reviewed the confidential inquiry (Attachment C) dated February 24, 2020, and concurs with the institution's determination. The institution's response complies with departmental policy and the appellant's staff complaint allegation was properly addressed.

JOHNSON, RALPH
CASE NO. 2003499
PAGE 2

**IV. CONCLUSION AND ORDER: DENIED**

After a thorough review of all documents and evidence, it is the order of the Office of Appeals that the appeal at the Third Level of Review is **DENIED.**  This decision exhausts the administrative remedies available to the appellant with CDCR.

W. SINKOVICH, Appeals Examiner
Office of Appeals
cc:      Warden, CMC
         Grievance Coordinator, CMC

Template 4/4/2012                                                                    Attachment E-1

State of California                                            Department of Corrections and Rehabilitation

# Memorandum

Date:        February 24, 2020

To:          Inmate JOHNSON, Ralph
             CDCR # P-46516, Facility D, Cell 008 1-163001U
             California Men's Colony (CMC)

Subject:     **STAFF COMPLAINT RESPONSE - APPEAL NUMBER CMC-E-20-00314**
             **SECOND LEVEL RESPONSE**

**APPEAL ISSUE:**
Within your appeal you allege on January 19, 2019, CMC Correctional Officer J. Scott refused
to give you your assigned Kosher Meal. You allege you informed Officer Scott you required
assistance in signing for the meal. You allege Officer Scott called you a liar, accused you of
playing games and ordered you to exit the diner without your Kosher Meal. You allege this
occurred due to your EOP/DDP status.

All issues unrelated to the allegation of staff misconduct must be appealed separately and will
not be addressed in this response.  You do not exhaust administrative remedies on any
unrelated issue not covered in this response or concerning any staff member not identified by
you in this complaint.  If you are unable to name all involved staff you may request assistance
in establishing their identity.

**DETERMINATION OF ISSUE:**
A review of the allegations of staff misconduct presented in the written complaint has been
completed. Based upon this review your appeal is being processed as an Appeal Inquiry.

**EFFECTIVE COMMUNICATION:**
A review of the *Test of Adult Basic Education (TABE)* indicates that you have a Reading Grade
Point Level (RGPL) of below 4.0.  A review of the *Strategic Offender Management System (SOMS)*
reveals that you are currently a participant in the Mental Health Services Delivery System at the
EOP level of care.  You have a Developmental Disability designation of DD2, your CDCR 128-C2
Adaptive Supports were reviewed.  You have a documented learning disability.  Effective
communication was achieved during your oral interview using simple speech, speaking slowly,
normal conversational tones, your personal interaction with the interviewer, and the detail in
which you were able to restate the discussion in your own words.

On February 4, 2020, Correctional Lieutenant (A) M. Howard interviewed you concerning your
complaint.  At the time of the interview you reiterated your contentions and provided
clarifying statements.  Lieutenant (A) Howard had no further questions and the interview was
concluded.

Attachment E-1

Your appeal is PARTIALLY GRANTED in that the <u>Appeal inquiry</u> is complete. All issues have been reviewed and all issues were adequately addressed. The following information was reviewed as a result of your allegations of staff misconduct:

- Inmate/Parolee Appeal Form (CDCR 602) Log Number CMC-E-20-00314
- CMC Workforce Telestaff Assignment Roster, dated January 19, 2020
- CMC Kosher Diet Acknowledgement Sheets (AM and PM), dated January 18th, 19th, and 26th of 2020
- A review of JOHNSON's prescribed Adaptive Supports noted in his CDCR 128-C-2
- Interview of Inmate JOHNSON, Ralph (P46516)
- Interview of Inmate GROVES, Herman (C91523)
- Interview of Inmate CRUZ, Ruben (T91761)
- Interview of Correctional Officer J. Scott
- Interview of Correctional Officer S. Perez
- Interview of Correctional Officer C. Mohammed
- Review of the Strategic Offender Management System (SOMS) and the Electronic Records Management System (ERMS) digital files for CRUZ, GROVES, and JOHNSON

Staff did not violate CDCR policy with respect to one or more of the issues appealed.

ALL STAFF PERSONNEL MATTERS ARE CONFIDENTIAL IN NATURE.

- As such, the details of any inquiry will not be shared with staff, members of the public, or offender appellants.
- Although you have the right to submit a staff complaint, a request for administrative action regarding staff or the placement of documentation in a staff member's personnel file is beyond the scope of the staff complaint process. A variety of personnel actions may be initiated by the Department based upon the content of your complaint and the outcome of any investigation or inquiry conducted as a result of your complaint.
- Allegations of staff misconduct do not limit or restrict the availability of further relief via the inmate appeals process.

If you wish to appeal the decision and/or exhaust administrative remedies, you must submit your staff complaint appeal through all levels of appeal review up to, and including, the Secretary's/Third Level of Review. Once a decision has been rendered at the Third Level, administrative remedies will be considered exhausted.

Name:   M. HOWARD                    Signature                       Date   2/24/2020
        Interviewer

Name:   J. GASTELO                   Signature                       Date   2-27-2020
        Hiring Authority

TREAT AS ORIGINAL

STATE OF CALIFORNIA
**INMATE/PAROLEE APPEAL**
CDCR 602 (REV. 08/09)

DEPARTMENT OF CORRECTIONS AND REHABILITATION

Side 1

| 2003499 | | |
|---|---|---|

P46516

**IAB USE ONLY**

| Institution/Parole Region: | Log #: | Category: |
|---|---|---|
| CMC-E | 20-00314 | 1 |

*FOR STAFF USE ONLY*

You may appeal any California Department of Corrections and Rehabilitation (CDCR) decision, action, condition, policy or regulation that has a material adverse effect upon your welfare and for which there is no other prescribed method of departmental review/remedy available.  See California Code of Regulations, Title 15, (CCR) Section 3084.1.  You must send this appeal and any supporting documents to the Appeals Coordinator (AC) within 30 calendar days of the event that lead to the filing of this appeal.  If additional space is needed, only one CDCR Form 602-A will be accepted.  Refer to CCR 3084 for further guidance with the appeal process.  No reprisals will be taken for using the appeal process.

Appeal is subject to rejection if one row of text per line is exceeded.

**WRITE, PRINT, or TYPE CLEARLY in black or blue ink.**

| Name (Last, First): Johnson, Ralph | CDC Number: P-46516 | Unit/Cell Number: D-8163 | Assignment: EOP |
|---|---|---|---|

State briefly the subject of your appeal (Example: damaged TV, job removal, etc.):
Staff Complaint

**A.** Explain your issue (If you need more space, use Section A of the CDCR 602-A):
On 1-19-20 at 6pm I entered the facility dining hall to collect my evening Kosher meal. C/O Scott told me to sign my name in the proper signature designation, or I would not be given my meal. As an EOP inmate also with

**B.** Action requested (If you need more space, use Section B of the CDCR 602-A): 1) That C/O Scott be reprimanded; 2) That C/O Scott be required to take additional training for interacting with EOP DDP 2 inmates; 3) That I not be the subject of any future retaliatory acts because of my filing of this

Supporting Documents: Refer to CCR 3084.3.
☐ Yes, I have attached supporting documents.
List supporting documents attached (e.g., CDC 1083, Inmate Property Inventory; CDC 128-G, Classification Chrono):

☒ No, I have not attached any supporting documents. Reason: This is a staff complaint.

Inmate/Parolee Signature: ___ Date Submitted: 1-20-20
☐ By placing my initials in this box, I waive my right to receive an interview.

JAN 21 2020
CMC APPEALS OFFICE

Document Effective Communication

BY OOA
MAR 27 2020

**C. First Level - Staff Use Only**   Staff – Check One: Is CDCR 602-A Attached?  ☐ Yes  ☐ No
This appeal has been:
☐ Bypassed at the First Level of Review.  Go to Section E.
☐ Rejected (See attached letter for instruction)  Date: ___ Date: ___ Date: ___ Date: ___
☐ Cancelled (See attached letter) Date: ___
☐ Accepted at the First Level of Review.

Assigned to: ___ Title: ___ Date Assigned: ___ Date Due: ___

First Level Responder: Complete a First Level response. Include interviewer's name, title, interview date, location, and complete the section below.
Date of Interview: ___ Interview Location: ___
Your appeal issue is:  ☐ Granted  ☐ Granted in Part  ☐ Denied  ☐ Other
See attached letter. If dissatisfied with First Level response, complete Section D.
Interviewer: ___ (Print Name) Title: ___ Signature: ___ Date completed: ___
Reviewer: ___ (Print Name) Title: ___ Signature: ___
Date received by AC: ___

AC Use Only
Date mailed/delivered to appellant ___ / ___ / ___

COPY OF 602 MADE DUE TO USE OF WHITE-OUT. -FU

STATE OF CALIFORNIA
**INMATE/PAROLEE APPEAL**
CDCR 602 (REV. 08/09)

DEPARTMENT OF CORRECTIONS AND REHABILITATION

Side 2

**D. If you are dissatisfied with the First Level response,** explain the reason below, attach supporting documents and submit to the Appeals Coordinator for processing within 30 calendar days of receipt of response.   If you need more space, use Section D of the CDCR 602-A.

~~BYPASS BYPASS~~

Inmate/Parolee Signature: _____          Date Submitted : _____

**E. Second Level - Staff Use Only**                    Staff – Check One: Is CDCR 602-A Attached?  ☒ Yes  ☐ No

This appeal has been:
☐ By-passed at Second Level of Review.  Go to Section G.
☐ Rejected (See attached letter for instruction) Date: _____ Date: _____ Date: _____ Date: _____
☐ Cancelled (See attached letter)
☒ Accepted at the Second Level of Review

Assigned to: D. MAUGER          Title: AWIII          Date Assigned: JAN 3 1 2020          Date Due: MAR 0 4 2020

Second Level Responder:  Complete a Second Level response. If an interview at the Second Level is necessary, include interviewer's name and title, interview date and location, and complete the section below.

Date of Interview: 2/4/2020                    Interview Location: CMC PROPERTY PROGRAM

Your appeal issue is:  ☐ Granted   ☒ Granted in Part   ☐ Denied   ☐ Other: _____

See attached letter.  If dissatisfied with Second Level response, complete Section F below.

Interviewer: M. HOWARD     Title: (TA)     Signature: _____     Date completed : 2-13-20
                (Print Name)

Reviewer: J. GASTELO, WARDEN     Title: _____     Signature: _____

Date received by AC:  FEB 2 8 2020

**CMC APPEALS OFFICE**

| AC Use Only |
| Date mailed/delivered to appellant   MAR 0 2, 2020 |

**F. If you are dissatisfied with the Second Level response,** explain reason below; attach supporting documents and submit by mail for Third Level Review.  It must be received within 30 calendar days of receipt of prior response.  Mail to: Chief, Inmate Appeals Branch, Department of Corrections and Rehabilitation, P.O. Box 942883, Sacramento, CA 94283-0001. If you need more space, use Section F of the CDCR 602-A.

I am Appealing the decision to handle my staff complaint as an "appeal Inquiry." Also on 2-4-20 I presented Lt. Howard supporting evidence, "Documentation of events and witnesses Jan 22th through 26th 2020" Neither witness in the documentation was ever interviewed. Finally, The information review and considered in this matter, i.e. two inmate statements and the statement of C/o Perez who was not present at any of the alleged date of incident

Inmate/Parolee Signature: _____          Date Submitted : 3-20-20

**G. Third Level - Staff Use Only**

This appeal has been:
☐ Rejected (See attached letter for instruction) Date: _____ Date: _____ Date: _____ Date: _____ Date: _____
☐ Cancelled (See attached letter)   Date: _____
☐ Accepted at the Third Level of Review.  Your appeal issue is  ☐ Granted   ☐ Granted in Part   ☒ Denied   ☐ Other: _____
          See attached Third Level response.

| Third Level Use Only |
| Date mailed/delivered to appellant  1 6 21 |

**H. Request to Withdraw Appeal:**  I request that this appeal be withdrawn from further review because; State reason. (If withdrawal is conditional, list conditions.)

_____
_____
_____

Inmate/Parolee Signature: _____          Date: _____

Print Staff Name: _____    Title: _____    Signature: _____

TREAT AS ORIGINAL

STATE OF CALIFORNIA
INMATE/PAROLEE APPEAL FORM ATTACHMENT
CDCR 602-A (08/09)

DEPARTMENT OF CORRECTIONS AND REHABILITATION

Side 1

| | IAB USE ONLY | Institution/Parole Region: | Log #: | Category: |
|---|---|---|---|---|
| 2003499 | | CMC-E 20-00314 | | 1 |
| | | FOR STAFF USE ONLY | | |

Attach this form to the CDCR 602, only if more space is needed. Only one CDCR 602-A may be used.
Appeal is subject to rejection if one row of text per line is exceeded.            WRITE, PRINT, or TYPE CLEARLY in black or blue ink.

| Name (Last, First): | CDC Number: | Unit/Cell Number: | Assignment: |
|---|---|---|---|
| Johnson, Ralph | P-46516 | D-8163 | EOP |

**A.   Continuation of CDCR 602, Section A only (Explain your issue)** a DDP 2 designation, I requested
help from C/O Scott by asking him to show me where to sign my name
because i cannot read. C/O Scott became increasingly irritated, called me
a liar and accused me of playing games, then ordered me to leave the
dining hall without receiving my meal. I had no other choice but to
comply with his direct order and leave the dining hall without my evening
meal, discriminated against beacuse of my mental illness and developmental
disability.

JAN 21 2020
CMC APPEALS OFFICE

REC BY OOA
MAR 27 2020

Inmate/Parolee Signature: _____    Date Submitted: _____

**B.   Continuation of CDCR 602, Section B only (Action requested):** appeal; 4) That i be allowed to
participate in religious practices, including but not limited to, receiving Kosher
meal; 5) That i not be discriminated against because of my mental illness and
developmental disability.

Inmate/Parolee Signature: _____    Date Submitted: _____

24

STATE OF CALIFORNIA
**INMATE/PAROLEE APPEAL FORM ATTACHMENT**
CDCR 602-A (08/09)

DEPARTMENT OF CORRECTIONS AND REHABILITATION

Side 2

D. Continuation of CDCR 602, Section D only (Dissatisfied with First Level response): _____

_____

_____

_____

_____

_____

_____

**BYPASS**

_____

_____

_____

_____

_____

Inmate/Parolee Signature: _____   Date Submitted: _____

F. Continuation of CDCR 602, Section F only (Dissatisfied with Second Level response): ARE IRRELEVENT. These
TWO INMATES, GROVES AND CRUZ were NT PRESENT AT ANY RELEVENT
TIME AND CAN'T ADD ANY FACTUAL support. NOR CAN C/O PEREZ.
Yet This Is The INFORMATION Relied upon To MAKE A FAIR Finding
IN This MATTER.

Please Note: IAM ATTACHING A COPY OF The SAME "Documentation of Events;
JANUARY 22. Trough 28, 2020, THAT WAS presented To Lt. Howard

_____

_____

_____

_____

_____

_____

Inmate/Parolee Signature: _____   Date Submitted: 3-26-20

## INMATE APPEAL ASSIGNMENT NOTICE

To: INMATE JOHNSON, P46516                     Date: January 31, 2020
Current Housing: D 008 116300110

From: INMATE APPEALS OFFICE

Re: APPEAL LOG NUMBER: CMC-E-20-00314

ASSIGNED STAFF REVIEWER: AW LEVEL III HOUSING
APPEAL ISSUE: GRIEVANCE AGST STAFF
DUE DATE: 03/04/2020

Inmate JOHNSON, this acts as a notice to you that your appeal has been sent to the above
staff for SECOND level response. If you have any questions, contact the above staff
member. If dissatisfied, you have 30 days from the receipt of the response to forward
your appeal for THIRD level review. Third level appeals are to be mailed directly to:

> Chief of Inmate Appeals
> Department of Corrections
> P. O. Box 942883
> Sacramento, CA 94283-0001

☐ M. Reynoso, CCII
☐ E. Smith, SCT LT
☐ K. Cox, AGPA
Appeals Coordinator
CMC

STATE OF CALIFORNIA

DEPARTMENT OF CORRECTIONS

CDC 1858  (2/97)

# RIGHTS AND RESPONSIBILITY STATEMENT

*The California Department of Corrections has added departmental language (shown inside brackets, in non-boldface type) for clarification purposes.*

**Pursuant to Penal Code 148.6, anyone wishing to file an allegation of misconduct by a departmental peace officer must read, sign and submit the following statement:**

YOU HAVE THE RIGHT TO MAKE A COMPLAINT AGAINST A POLICE OFFICER [this includes a departmental peace officer]  FOR ANY IMPROPER POLICE [or peace] OFFICER CONDUCT. CALIFORNIA LAW REQUIRES THIS AGENCY TO HAVE A PROCEDURE TO INVESTIGATE CITIZENS' [or inmates'/parolees'] COMPLAINTS.  YOU HAVE A RIGHT TO A WRITTEN DESCRIPTION OF THIS PROCEDURE.  THIS AGENCY MAY FIND AFTER INVESTIGATION THAT THERE IS NOT ENOUGH EVIDENCE TO WARRANT ACTION ON YOUR COMPLAINT; EVEN IF THAT IS THE CASE, YOU HAVE THE RIGHT TO MAKE THE COMPLAINT AND HAVE IT INVESTIGATED IF YOU BELIEVE AN OFFICER BEHAVED IMPROPERLY.  CITIZEN [or inmate/parolee] COMPLAINTS AND ANY REPORTS OR FINDINGS RELATING TO COMPLAINTS MUST BE RETAINED BY THIS AGENCY FOR AT LEAST FIVE YEARS.

IT IS AGAINST THE LAW TO MAKE A COMPLAINT THAT YOU KNOW TO BE FALSE. IF YOU MAKE A COMPLAINT AGAINST AN OFFICER KNOWING IT IS FALSE, YOU CAN BE PROSECUTED ON A MISDEMEANOR CHARGE.  [An inmate/parolee who makes a complaint against a departmental peace officer, knowing it is false, may be issued a serious disiplinary rule violation, in addition to being prosecuted on a misdemeanor charge.]

| COMPLAINANT'S PRINTED NAME | COMPLAINANT'S SIGNATURE | DATE SIGNED | |
|---|---|---|---|
| INMATE/PAROLEE PRINTED NAME  Ralph Johnson | INMATE/PAROLEE'S SIGNATURE | CDC NUMBER  P46516 | DATE SIGNED  2-7-20 |
| RECEIVING STAFF'S PRINTED NAME  M. Howard | RECEIVING STAFF'S SIGNATURE | DATE SIGNED  2-7-20 | |

DISTRIBUTION:
ORIGINAL -
Public - Institution Head/Parole Administrator
Inmate/Parolee - Attach to CDC form 602
Employee - Institution Head/Parole Administrator
COPY - Complainant

27

STATE OF CALIFORNIA                                                      DEPARTMENT OF CORRECTIONS

CDC 1858 (2/97)


# RIGHTS AND RESPONSIBILITY STATEMENT

*The California Department of Corrections has added departmental language (shown inside brackets, in non-boldface type) for clarification purposes.*

**Pursuant to Penal Code 148.6, anyone wishing to file an allegation of misconduct by a departmental peace officer must read, sign and submit the following statement:**


YOU HAVE THE RIGHT TO MAKE A COMPLAINT AGAINST A POLICE OFFICER [this includes a departmental peace officer] **FOR ANY IMPROPER POLICE** [or peace] **OFFICER CONDUCT.** CALIFORNIA LAW REQUIRES THIS AGENCY TO HAVE A PROCEDURE TO INVESTIGATE CITIZENS' [or inmates'/parolees'] COMPLAINTS. YOU HAVE A RIGHT TO A WRITTEN DESCRIPTION OF THIS PROCEDURE. THIS AGENCY MAY FIND AFTER INVESTIGATION THAT THERE IS NOT ENOUGH EVIDENCE TO WARRANT ACTION ON YOUR COMPLAINT; EVEN IF THAT IS THE CASE, YOU HAVE THE RIGHT TO MAKE THE COMPLAINT AND HAVE IT INVESTIGATED IF YOU BELIEVE AN OFFICER BEHAVED IMPROPERLY. CITIZEN [or inmate/parolee] COMPLAINTS AND ANY REPORTS OR FINDINGS RELATING TO COMPLAINTS MUST BE RETAINED BY THIS AGENCY FOR AT LEAST FIVE YEARS.


IT IS AGAINST THE LAW TO MAKE A COMPLAINT THAT YOU KNOW TO BE FALSE. IF YOU MAKE A COMPLAINT AGAINST AN OFFICER KNOWING IT IS FALSE, YOU CAN BE PROSECUTED ON A MISDEMEANOR CHARGE. [An inmate/parolee who makes a complaint against a departmental peace officer, knowing it is false, may be issued a serious disiplinary rule violation, in addition to being prosecuted on a misdemeanor charge.]

| COMPLAINANT'S PRINTED NAME | COMPLAINANT'S SIGNATURE | DATE SIGNED | |
|---|---|---|---|
| INMATE/PAROLEE PRINTED NAME<br>RalPH JohnSon | INMATE/PAROLEE'S SIGNATURE | CDC NUMBER<br>P46516 | DATE SIGNED<br>2-7-20 |
| RECEIVING STAFF'S PRINTED NAME<br>M. HowARi | RECEIVING STAFF'S SIGNATURE | DATE SIGNED<br>2-7-20 | |

DISTRIBUTION:
ORIGINAL -
Public - Institution Head/Parole Administrator
Inmate/Parolee - Attach to CDC form 602
Employee - Institution Head/Parole Administrator
COPY - Complainant

**CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILITATION**
**CALIFORNIA MEN'S COLONY**

**EFFECTIVE COMMUNICATION CONFIRMATION**

Pursuant to the memorandum dated October 22, 2003, titled Equally Effective Communication (Revised), it is the policy of the CDCR to ensure effective communication with all inmates. For appeal issues concerning a liberty interest, e.g., Classification Committee action, serious RVR, placement in segregated housing, etc., the appeal decision (including CDC Form 695) is to be delivered and read to the inmate. Effective communication shall be established and confirmed on this form. This form is to be completed within **five (5) working days** and returned to the Inmate Appeals Office.

| INMATE NAME | CDCR NUMBER | LOG NUMBER | HOUSING | TABE |
|---|---|---|---|---|
| JOHNSON | P46516 | CMC-E-20-00314 | D 8163 | 0.1 |

| DATE SENT TO FACILITY CAPTAIN | DUE DATE TO APPEALS OFFICE |
|---|---|
| 03/02/2020 | 03/09/2020 |

**POTENTIAL EFFECTIVE COMMUNICATION TRIGGERS**

- ■ TABE 4.0 or lower, or no score
- ☐ Learning disabled
- ☐ Foreign language speaking

- ☐ DNH/DPH (Hearing Impaired)
- ☐ DPV (Vision Impaired)
- ☐ DNS/DPS (Speech Impaired)

- ■ DDP (DD1 / DD2 / DD3)
  NOTE: If inmate is included in the DDP, review Adaptive Support Needs and annotate below in "Additional Comments" that all appropriate needs were considered.

**DOCUMENT BEING COMMUNICATED**

- ☐ CDC Form 695
- ■ CDCR 602 Inmate/Parolee Appeal
- ☐ CDCR 1824 Reasonable Accommodation Request

- ☐ First Level Response
- ■ Second Level Response
- ☐ Reasonable Accommodation Panel (RAP) Response

- ☐ Withdrawn FLR/SLR

**ASSISTANCE PROVIDED**

- ☒ Read document(s) to inmate
- ☒ Simple English spoken slowly and clearly
- ☒ Spoke Loud, & clearly
- ☐ Inmate was wearing hearing aid(s)
- ☐ Lip reading
- ☐ Used text magnifier
- ☐ Written notes used (notes attached)

- ☐ Language interpreter used: _____
- ☐ American Sign Language Interpreter used: _____
- ☐ Other: _____

**HOW WAS EFFECTIVE COMMUNICATION DETERMINED?**

- ☒ Inmate reiterated in his own words, what was explained
- ☐ Inmate provided appropriate, substantive responses to questions asked
- ☐ Inmate asked appropriate questions regarding the information provided
- ☐ Inmate did not appear to understand the communication, even though the primary method of communication was used
- ☐ Other: _____

**ADDITIONAL COMMENTS**

**COMPLETED BY**

| E. ORTIZ   SGT. | _(signature)_ | 3/5/2020 |
|---|---|---|
| Printed Name and Title | Signature | Date |

Original:   Attached to document communicated
Copy:       Inmate Appeals Office